In the Matter of the Application of CHARLES S. WHITMAN, Respondent, for a Judicial Review of Ballots, Pursuant to the Provisions of Section 381 of the Election Law.*

ALFRED E. SMITH, Appellant.

Second Department, November 29, 1918.

Elections — application for review of ballots pursuant to section 381 of the Election Law — order to bring ballots into court — when mandamus for recanvass not authorized.

Upon an application for a judicial review of ballots pursuant to section 381 of the Election Law, the court is not authorized to order a mandamus for a recanvass, but is limited to an order that the void, blank and protested ballots be brought into court so that it may thereupon determine whether any of such ballots were canvassed improperly with respect to the applicant to the end that a mandamus with specific instructions for the recanvass may issue.

APPEAL by Alfred E. Smith from an order of the Supreme Court, made at the Richmond Special Term and entered in the office of the clerk of the county of Richmond on the 25th day of November, 1918, directing the issuance of a writ of mandamus.

---

* See Consol. Laws, chap. 17 (Laws of 1909, chap. 22), § 381, as amd. by Laws of 1913, chap. 821.— [REP.

*Abram I. Elkus* and *John G. Saxe*, for the appellant.

*Abraham S. Gilbert* and *George S. Scofield*, for the respondent.

PER CURIAM:

We are of opinion that the court was not authorized to order a mandamus for a recanvass. But upon the application in question the court was confined to a determination whether the application justified an order that the void, wholly blank and protested ballots be brought into court that the court could thereupon determine whether any of such ballots were canvassed improperly with respect to the applicant, to the end that a mandamus with specific instructions for the recanvass should issue. We are of opinion that the allegation of the moving affidavit was sufficient to justify an order that such ballots be brought into court, but that the order should have ended there. Therefore, the order should be amended accordingly and should be further amended by vacation of the stay in accord with the consent in open court, without prejudice, however, to a future application therefor.

As thus modified, the order is affirmed, without costs.

JENKS, P. J., THOMAS, PUTNAM, BLACKMAR and JAYCOX, JJ., concurred.

Order modified, and as modified affirmed, without costs.